# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TREVOR EDGEHILL, #487273,

      Petitioner,

                              Case No: 06-CV-13888-DT
                              Honorable Lawrence P. Zatkoff
                              Magistrate Judge Virginia M. Morgan

v.

NICK J. LUDWICK,

      Respondent.

_____/

## OPINION & ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

Petitioner Trevor Edgehill, a state inmate currently incarcerated at Mid-Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus. Respondent[1] filed his Answer in Opposition to the Petition for Writ of Habeas Corpus. Petitioner pled guilty to conspiracy to deliver 225 - 649 grams of heroin and possession of a firearm during the commission of a felony ("felony firearm"). He was sentenced to 122 - 360 months imprisonment for the conspiracy conviction and a consecutive term of 2 years for the felony firearm conviction.

Petitioner challenges the legality of his conviction and raises two issues: (1) whether Prior Record Variable 6 ("PRV6") of the Michigan Sentencing Guidelines should have been scored zero where there was no evidence that Petitioner was on probation at the time of the offense; and (2) whether the trial court's decision to deny Petitioner his constitutional right to be sentenced upon

---

[1]Petitioner's present custodian is Nick J. Ludwick, but when he filed his petition, his custodian was Hugh Wolfenbarger.

accurate information is contrary to firmly established United States Supreme Court precedent. Respondent argues that Petitioner's claim is not cognizable on habeas review because it is based upon a perceived error of state law. Respondent further argues that Petitioner's claim is without merit because there was sufficient evidence that Petitioner was on probationary status at the time the charged offense was committed. Upon review of the pleadings, the Court denies Petitioner's Writ of Habeas Corpus.

## II. Factual Background

Petitioner was arrested as a result of his unknowing participation in an undercover drug task force operation. Petitioner's claims are not based upon the facts substantiating his conviction. Rather, Petitioner asserts that the offense for which he was convicted was scored improperly, which resulted in a denial of his constitutional rights. He claims that because the trial court erroneously took into consideration Petitioner's alleged probationary status at the time the offense was committed, his PRV was scored incorrectly.

## III. Procedural Background

Petitioner appealed his conviction by filing a delayed application for leave to appeal raising the issue of whether PRV6 should have been scored zero where there was no evidence that Petitioner was on probation at the time of the offense. On May 11, 2005, the Michigan Court of Appeals issued an order denying relief "for lack of merit in the grounds presented." *People v. Edgehill,* Mich. Ct. App. No. 261527 (May 11, 2005). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same issue. The Michigan Supreme Court entered an order on October 31, 2005 denying relief to the Petitioner. *People v. Edgehill,* 474 Mich. 907; 705 N.W.2d 119 (Table) Mich. Sup. Ct. No. 128927 (October 31, 2005). On May August 31,

2006, Petitioner filed an application for writ of habeas corpus which is presently before the Court.

## IV. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this court's habeas corpus review of state court decisions, and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## V. Discussion

Petitioner's claim does not warrant habeas relief for three reasons. First, a state prisoner is entitled to habeas relief only on the ground that he or she is "in custody in violation of the Constitution or laws or treaties of the United States," and not on the ground that a trial judge incorrectly scored the PRV of the Michigan Sentencing Guidelines. *See* 28 U.S.C. §2254(a).

Unless, Petitioner can show that the imposed sentence exceeded the statutory limits or is wholly unauthorized by law, *Townsend v. Burke,* 334 U.S. 736, 741 (1948), habeas relief is not warranted. Because Petitioner's sentence was within the statutory limit for conspiracy to deliver 225 - 649 grams of heroin and possession of a firearm during the commission of a felony, his claim is not cognizable on federal habeas corpus review.

Second, it is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir.1987). Accordingly, Petitioner has failed to state a claim upon which habeas relief may be granted as to this issue.

Finally, the factual premise upon which Petitioner brings this habeas claim is inaccurate. Petitioner maintains that he was not on probation at the time the offense was committed, and therefore, his sentence in this case should not have reflected that erroneous fact. However, upon review of the record, it is clear that Petitioner was on unsupervised probation for his conviction on conspiracy to possess with intent to sell and deliver marijuana charges in North Carolina. Therefore, there is no factual basis to support Petitioner's claim that his PRV score was excessive.

## VI. Conclusion

For the reasons stated above, **IT IS ORDERED** that the "Petition for Writ of Habeas

Corpus" [Doc. #1] is **DENIED**.

    **IT IS SO ORDERED.**


                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 28, 2007

                                          CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 28, 2007.


                                                    s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290